UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

GLENDRICK GARDNER

    Plaintiff,

v.

LEXINGTON-FAYETTE URBAN
COUNTY GOVERNMENT, ET AL.

    Defendants.

Civil Action No. 5:23-057-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Glendrick Gardner is a resident of Lexington, Kentucky. Proceeding without a lawyer, Gardner recently filed a complaint with this Court. [R. 1]. Gardner also completed and filed the Court's approved E.D. Ky. 519 Form in order to seek leave to proceed *in forma pauperis* [R. 2], and the Court granted that request for pauper status. Thus, Gardner's pleading is now before this Court on initial screening pursuant to 28 U.S.C. § 1915(e)(2).

The Court has fully reviewed Gardner's complaint and will dismiss it for multiple reasons. As an initial matter, Gardner's submission is vague and difficult to follow. [*See* R. 1 at 4-7, 9]. To be sure, Gardner repeatedly references a work-related injury he allegedly suffered at least six years ago while employed by the Lexington-Fayette Urban County Government. [*See id.*]. However, Gardner's allegations are otherwise generic, and he does not clearly explain what each of the named Defendants did or failed to do to cause him harm, as directed. [*See id.*]. Therefore, Gardner's submission, as presently drafted, fails to state a claim upon which relief may be granted.

Moreover, as best as the Court can tell, Gardner is trying to assert various constitutional claims that the Court has addressed and resolved on multiple occasions. *See Gardner v. Lexington-*

*Fayette Urban County Government, et al.*, No. 5:21-cv-00175-DCR (E.D. Ky. Oct. 14, 2021); *Gardner v. Scott*, No. 5:20-cv-00456-JMH (E.D. Ky. Jan. 4, 2021). In fact, in Gardner's most recent case, the United States Court of Appeals for the Sixth Circuit affirmed this Court's judgment dismissing his civil rights action. *See Gardner v. Lexington-Fayette Urban County Government, et al.*, No. 21-5941, 2022 WL 1039608 (6th Cir. Mar. 9, 2022). Since Gardner's present case appears to be nothing more than an attempt to relitigate that already-resolved matter, the Court will dismiss this action.

Accordingly, it is **ORDERED** that:

1. To the extent that Gardner's civil rights complaint asserts claims that have already been resolved by this Court and/or the United States Court of Appeals for the Sixth Circuit, those claims [R. 1] are **DISMISSED WITH PREJUDICE**.

2. To the extent that Gardner is attempting to assert other legal claims, those claims [R. 1] are **DISMISSED WITHOUT PREJUDICE** to his right to file a new civil action in which he more clearly articulates his factual allegations and legal claims. Appropriate forms needed to file such an action are available upon request from the Clerk's Office.

3. This action is **STRICKEN** from the Court's docket.

4. The Court will enter a corresponding Judgment.

This 28th day of February, 2023.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY